**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL JEFFRIES,

Plaintiff - Appellant,

v.

MELINDA GUILFOYLE; REGINALD
HINES; GLOYD L. MCCOY; CARLA
NELSON, in their individual and
official capacities,

Defendants - Appellees.

No. 03-6336
(D. Ct. No. 03-CV-615-L)
(W.D. Okla.)

**ORDER AND JUDGMENT** [*]

Before **TACHA** , Chief Circuit Judge, **BRISCOE** , and **HARTZ** , Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant Micheal Jeffries, a state prisoner appearing *pro se* ,

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

brings this action under 42 U.S.C. § 1983, alleging that Defendants, by preventing his presentation of witnesses and other evidence, denied him his constitutional right to due process during a prison disciplinary hearing where he was found guilty of possessing marijuana. Upon a report and recommendation by the magistrate judge, the District Court found that the official capacity claims against the Defendants should be dismissed under the Eleventh Amendment, and that the remaining claims should be dismissed without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). We agree.

It is clear that the Eleventh Amendment bars this action against the Defendants in their official capacities. Indeed, Mr. Jeffries conceded this point below. *See Jeffries v. Guilfoyle*, CIV-03-615-L, Report and Recommendation at 3 n. 1 (W.D. Okla. Sept. 24, 2003). It is also clear that since 1997 an inmate may not bring a challenge to the validity of procedures used to deprive him of good-time credits unless the prisoner can demonstrate the sanction has previously been invalidated. *Edwards*, 520 U.S. at 643 ("a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated") (quotation omitted).

Under the circumstances of this case, a judgment in favor of Mr. Jeffries

would necessarily imply the invalidity of the punishment imposed by the January 2003 disciplinary action. Further, Mr. Jeffries fails to show that the disciplinary proceeding has been reversed, expunged, or declared invalid. Thus, he fails to state a claim for relief under 42 U.S.C. § 1983. For the reasons cited in the magistrate judge's report and recommendation and in the order of the District Court, the order dismissing the official capacity claims under the Eleventh Amendment and dismissing without prejudice the remaining claims is AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge